87 F.3d 1323
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Luis FIGUEROA, Defendant-Appellant.
 No. 95-50523.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 14, 1996.
 
 Before: CANBY, JOHN T. NOONAN, JR., and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Luis Figueroa appeals the district court's order revoking his supervised release and sentencing him to 18 months imprisonment. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 Background
 
 3
 Figueroa was sentenced in 1988 to seven years of imprisonment and five years of supervised release. In 1992, he was released from prison and deported to Mexico. On February 1, 1995, he was arrested by California Highway Patrol officers and charged with possession of marijuana for sale. He pleaded guilty to the charge on May 23, 1995, and was sentenced to two years in state prison. On May 31, 1995, the United States Probation Office filed a supervised release violation petition, and Figueroa was transferred into federal custody on June 14, 1995. On September 7, 1995, Figueroa moved to dismiss the supervised release violation petition on the basis that the government had unreasonably delayed conducting a revocation hearing. At the September 25, 1995 revocation hearing, the district court denied the motion to dismiss. At the October 6, 1995 hearing on the allegations of the supervised release violation petition, Figueroa admitted that he had been convicted of a felony while on supervised release. The district court revoked his supervised release and sentenced him to 18 months imprisonment with credit against the sentence for time spent in federal custody since June 14, 1995.
 
 Discussion
 
 4
 Figueroa argues that the district court erred by denying his motion to dismiss the supervised release violation petition because of the delay between when he was taken into federal custody and the date of his preliminary revocation hearing. This argument lacks merit.
 
 
 5
 A person on supervised release who is arrested for violating a condition of his release should be "taken without unnecessary delay" before a court for his supervised release violation hearing. 18 U.S.C. § 3606. In determining whether dismissal is appropriate for delay in providing a supervised release violation hearing, this court considers the factors set forth in Barker v. Wingo, 407 U.S. 514 (1972), used to assess dismissal based on a Sixth Amendment violation of speedy trial right. See United States v. Wickham, 618 F.2d 1307, 1311 (9th Cir.1979) (citing United States v. Companion, 545 F.2d 308, 310-11 (2nd Cir.1976)). These factors are: (1) the length of the delay; (2) the reason for the delay; (3) defendant's assertion of the right; and (4) prejudice to defendant. See Companion, 545 F.2d at 311.
 
 
 6
 For the reasons stated by the district court at the September 25, 1995 hearing, we believe the motion to dismiss was properly denied. We reject Figueroa's argument that the district court found that he was prejudiced by the delay. To challenge a revocation proceeding, "the delay must prejudicially affect the probationer's ability to contest revocation." Wickham, 618 F.2d at 1310. Figueroa failed to allege, and the district court did not find, that the three month delay impaired Figueroa's ability to contest revocation.[1]
 
 
 7
 Figueroa also argues that the district court denied him equal protection of the law by failing to grant him credit for the time he spent in state custody from his arrest on February 1, 1995 until he was transferred to the federal authorities on June 14, 1995. Figueroa argues that he was treated differently than a hypothetical prisoner who was transferred to federal authorities on the day he was arrested, and who therefore began accruing credit towards his federal sentence earlier. This argument is without merit.
 
 
 8
 A prosecutor's decision to prosecute is afforded wide discretion, and does not violate the constitution unless it is based upon an unjustifiable standard such as race, religion or other arbitrary classification. See United States v. Kidder, 869 F.2d 1328, 1335-36 (9th Cir.1989). Figueroa has failed to allege that the state's decision to prosecute him, or the United States Probation Office's decision to file a supervised release violation petition, were based on any improper standard.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court did state that Figueroa may have been prejudiced by the delay in that he was not able to earn good time credit on his two-year state sentence during the three month period between his transfer to federal custody and the revocation hearing. However, the district court properly found that any such prejudice was alleviated by sentencing Figueroa to the low end of the sentencing guideline, which reduced his federal sentence by three months